David J. Kaminski (State Bar No. 128509)
kaminskid@cmtlaw.com
Stephen A. Watkins (State Bar No. 205175)
watkinss@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant
REDLINE RECOVERY SERVICES, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA PARKER, an individual,<br><br>   Plaintiff,<br><br>   v.<br><br>REDLINE RECOVERY SERVICES, LLC.,<br><br>   Defendants. | CASE NO. 2:10-cv-00724-RC<br><br>**ANSWER TO COMPLAINT**<br><br>Magistrate Judge: Hon. Rosalyn M. Chapman |

## ANSWER TO COMPLAINT

COMES NOW Defendant REDLINE RECOVERY SERVICES, LLC ("Defendant"), appearing for itself and for no other person, firm or entity, and files its Answer to the Complaint of Plaintiff, TERESA PARKER ("Plaintiff"), an individual, by admitting, denying and alleging as follows:

### INTRODUCTION

1.   Defendant admits that Count I of Plaintiff's Complaint attempts to assert claims under the Fair Debt Collection Practices Act ("FDCPA"). Defendant denies all remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.   Defendant admits that Count II of Plaintiff's Complaint attempts to assert claims under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA").

1  Defendant denies all remaining allegations contained in Paragraph 1 of Plaintiff's
2  Complaint.

## JURISDICTION AND VENUE

3.  Defendant admits that this Court has subject matter jurisdiction in the absence of Plaintiff's agreement. Otherwise, however, Defendant denies that this Court is the proper venue to adjudicate Plaintiff's claims.

4.  Defendant denies that it conducts business in California. Defendant admits only that it attempts to collect unpaid accounts from persons located in California.

5.  Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.  Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## PARTIES

7.  Defendant admits that Plaintiff is a natural person. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.  Defendant admits that Plaintiff owes an unpaid account. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.  Defendant admits attempting to collect the unpaid account. Defendant admits in certain circumstances it may be considered a debt collector under the FDCPA. Defendant denies the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits it maintains an office in Amherst, Erie County, New York and that it is a Georgia Limited Liability Company. Defendant denies the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits having employees, officers, and insurers, but denies

CARLSON &MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

the allegations contained in Paragraph 11 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

12.　Defendant admits that one of its phone numbers is 866-388-4208. Defendant admits attempting to contact Plaintiff.

13.　Defendant admits calling 661-361-2995. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint..

14.　Defendant admits attempting to contact Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.　Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.　Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.　Defendant admits that one of its phone numbers is 716-250-4857. Defendant lacks knowledge or information as to form a belief as to the remaining allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18.　Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.　Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.　Defendant admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

## COUNT I
## PLAINTIFF'S ALLEGATIONS THAT DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21.　Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint along with its all subparts.

22. Defendant denies the request in Plaintiff's prayer contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the request in Plaintiff's prayer contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the request in Plaintiff's prayer contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the request in Plaintiff's prayer contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the request in Plaintiff's prayer contained in Paragraph 26 of Plaintiff's Complaint.

## COUNT II
## PLAINTIFF'S ALLEGATIONS THAT DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

27. Defendant incorporates by reference the above paragraphs of this Answer as if fully stated therein.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint including all its subparts.

29. Defendant denies the request in Plaintiff's prayer contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the request in Plaintiff's prayer contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the request in Plaintiff's prayer contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the request in Plaintiff's prayer contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the request in Plaintiff's prayer contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies all remaining allegations contained in Plaintiff's

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

Complaint not specifically admitted herein.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

1. Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. Defendant is informed and believes and based thereon alleges that Plaintiff's Complaint, and each cause of action contained therein, or portions thereof, is barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

### (Compliance with Statute)

3. The conduct of Defendant at all times complied with all applicable statutes, regulations and laws; accordingly, the Complaint and each purported cause of action alleged therein against Defendant is barred.

### FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4. As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant are barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought by the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

5. Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted, Defendant alleges that they acted lawfully and within their legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of legitimate business purpose. Further, Defendant acted in good faith

in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available to this answering Defendant. Accordingly, Plaintiff is barred from any recovery in this action.

### SIXTH AFFIRMATIVE DEFENSE
### (Bad Faith Claims)

6. The allegations and claims asserted in the Complaint have always been and continue to be frivolous, groundless and without merit as against Defendant. Plaintiff has brought this action against Defendant in bad faith.

### SEVENTH AFFIRMATIVE DEFENSE
### (Defendant May Recover for Plaintiffs' Bad Faith Claim)

7. Plaintiff's Complaint and each purported cause of action alleged therein against Defendant were not brought in good faith and are frivolous. Therefore, the relief requested is precluded and Defendant is entitled to recover its reasonable expenses, including attorneys' fees, incurred herein as a matter of law pursuant to this Court's inherent authority pursuant to *California Code of Civil Procedure* sections 128.5 and 128.7, and pursuant to the California Rosenthal Act.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Intentional or Reckless Conduct)

8. As a separate, affirmative defense, Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. Defendant also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

### NINTH AFFIRMATIVE DEFENSE
### (No Causation)

9. Plaintiff is barred from any recovery or relief against Defendant because Defendant was not the actual or proximate cause of any of the damages, if any, alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

10.     Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

11.     Plaintiff is barred from maintaining the Complaint and each purported cause of action alleged therein against Defendant as a result of unclean hands with respect to the events upon which the Complaint and purported causes of action allegedly are based.

### TWELFTH AFFIRMATIVE DEFENSE
### (Waiver)

12.     The Complaint and each purported cause of action alleged therein against Defendant is barred by Plaintiff's own conduct, actions, omissions and inaction which amount to and constitute a waiver of such claims and any relief sought thereby.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Laches)

13.     Plaintiff is barred by the doctrine of laches from pursuing his Complaint and each purported cause of action alleged therein against Defendant by reason of their inexcusable and unreasonable delay in filing his Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Actions Were Privileged and Justified)

14.     As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant, is barred because Defendant was privileged and justified, by statute and by common law, in making the alleged

statements and representations, if any, including but not limited to statutes 15 U.S.C. § 1692k(c), Civil Code §1788.12(e), and Civil Code § 47.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Actions Were Proper)

15.     As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any provisions of 15 U.S.C. § 1692 et. seq. or Civil Code § 1788 et seq.)

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Bona Fide Error)

16.     As a separate, affirmative defense, assuming *arguendo* that this Defendant violated a statute alleged in the Complaint, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Maintained Reasonable FDCPA Procedures)

17.     As a separate, affirmative defense, Defendant alleges that at all times alleged in the Complaint, Defendant maintained reasonable procedures created to prevent any type of intentional or negligent violations of the Fair Debt Collection Practices Act ("FDCPA").

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (FDCPA damages are limited)

18.     As a separate, affirmative defense, Defendant allege that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. § 1692k(a)(1), § 1692k(a)(2)(A), § 1692k(a)(3) and 15 U.S.C. § 1692k(b)(1).

///
///

### NINETEENTH AFFIRMATIVE DEFENSE
### (Maintained Reasonable Rosenthal Act Procedures)

19.   As a separate, affirmative defense, Defendant alleges that at all times alleged in the Complaint, Defendant maintained reasonable procedures created to prevent any type of intentional or negligent violations of the Rosenthal Act.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Rosenthal Act damages are limited)

20.   As a separate, affirmative defense, Defendant alleges that if Plaintiff were damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by Civil Code sections 1788.30 and 1788.32.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No Declaratory Relief)

21.   As a separate, affirmative defense, Defendant alleges that Plaintiff is not entitled to declaratory relief under the FDCPA and Rosenthal Act.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Venue is improper)

22.   As a separate, affirmative defense, Defendant alleges venue is improper.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Arbitration Agreement)

23.   As a separate, affirmative defense, Defendant asserts that Plaintiff's claims are or may be subject to an arbitration agreement requiring her to submit her claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, et. seq.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Plaintiff Has No Damages)

24.   As a separate, affirmative defense, Defendant asserts that Plaintiff has

not been damaged; therefore, Plaintiff may not recover against this Defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Reservation of Rights)

25. Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of her Complaint;
2. For judgment in favor of Defendant, and against Plaintiff;
3. For costs of suit and reasonable attorneys' fees incurred; and
4. For such other and further relief as the Court may deem just and proper.

DATED: March 22, 2010                    CARLSON & MESSER LLP


By /s/ David J. Kaminski

David J. Kaminski
Stephen A. Watkins
Attorneys for Defendants,
REDLINE RECOVERY SERVICES, LLC

---

06250.00/162623

10
ANSWER TO COMPLAINT