David J. Kaminski (State Bar No. 128509)
kaminskid@cmtlaw.com
Stephen A. Watkins (State Bar No. 205175)
watkinss@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant
REDLINE RECOVERY SERVICES, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TERESA PARKER, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REDLINE RECOVERY<br>SERVICES, LLC,<br><br>　　　　Defendants. | CASE NO. 2:10-cv-00724-ODW-MAN<br><br>**JOINT 26(F)/SCHEDULING CONFERENCE REPORT**<br><br>District Judge: Otis D Wright, II<br>Magistrate Judge: Margaret A. Nagle<br><br>Scheduling Conference<br>May 24, 2010<br>1:30 p.m. |

COMES NOW the Plaintiff TERESA PARKER ("Plaintiff") and Defendant

REDLINE RECOVERY SERVICES, LLC "Defendant"), through the undersigned

counsel, and hereby confirm that a meeting pursuant to Fed.R.Civ.P. 26(f) took

place which is memorialized by the following report.

**(1) a short synopsis of the principal issues in the case**

　　　Plaintiff asserts two causes of action against Defendant: Violation of the Fair

Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"); and

Violation of the Rosenthal Act, Cal. Civ. Code 1788 et seq. ("Rosenthal Act").

Plaintiff alleges that Defendant violated the aforementioned statutes in its efforts to

collect a debt from Plaintiff, by failing to properly disclose its identity, disclosing

Plaintiff's debt to third parties, and falsely threatening to file suit against Plaintiff.

Defendant denies any liability under the FDCPA and Rosenthal Act.

**(2) a statement of whether pleadings are likely to be amended**

The parties do not anticipate amending the pleadings.

**(3) a statement as to issues which any party believes may be determined by motion**

Plaintiff does not anticipate that any issues may be determined by motion.

Defendant anticipates possibly filing a motion for summary judgment.

(4) **a listing and proposed schedule of written discovery, depositions, and a proposed discovery cut-off date**

A.    Discovery will be needed on the following subjects:

**Plaintiff:**  At present, Plaintiff intends to propound the following discovery requests: (a) Special Interrogatories; (b) Requests for Production; and (c) Requests for Admission.   Plaintiff will also depose person(s) at Redline most knowledgeable of the facts alleged in her complaint and/or Redline's policies and practices relevant to the allegations contained in her complaint and other individuals that may be identified during the course of litigation.

**Defendant:**  All facts and circumstances that refer, reflect, relate, evidence, or concern Defendant's alleged actions to collect upon the subject debt, including but not limited to Plaintiff's alleged damages.  This discovery will include Interrogatories, Requests for Admissions, Requests for Production of Documents and other tangible things, and Deposition of  Plaintiff.  Defendant will seek any documents reflecting Defendant's purported contact with Plaintiff and third parties regarding the subject debt.

B.    Discovery will be conducted pursuant to Federal Rules.

C.    Initial Disclosures shall be made on May 31, 2010

D.    The discovery cut-off date will be April 18, 2011

E.    Discovery will not be conducted in phases.

F.    There are currently no issues re: electronically stored information.

G.    Documents that will be produced may require a confidentiality

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

2

1  agreement.  If document requests or initial disclosures are subsequently made by

2  either party that require a confidentiality agreement, Defendant requests that

3  Plaintiff sign a confidentiality agreement.

4      H.      At present, parties do not anticipate the use of expert witnesses.

5   However, parties reserve the right to do so provided such use be in accordance with

6  the Federal Rules of Civil Procedure, the Local Rules of this court.

7      I.  The parties further intend to supplement disclosures or discovery responses

8  pursuant to Rule 26(e) and will serve and file certification that all supplementation

9  has been completed thirty days prior to the close of discovery.

10      The parties propose April 11, 2011, as the deadline to disclose

11  expert witnesses under F.R .Civ.P. 26(a)(2), April 25, 2011 as the deadline to

12  disclose rebuttal expert witnesses and propose May 9, 2011, as the expert discovery

13  cut-off date.

14  (5)    **a listing and proposed schedule of law and motion matters, and a**

15          **proposed dispositive motion cut-off date**

16      Either party may file a Motion for Judgment on the Pleadings and/or Motion

17  for Summary Judgment regarding the viability of Plaintiff's causes of action

18  regarding Defendant.

19      The parties propose a motion cut-off date of April 18, 2011.

20  **(6) a statement of what efforts have been made to settle or resolve the case to**

21  **date and what settlement procedure is recommended pursuant to Local Rule**

22  **16-14.4 (specifically excluding any statement of the terms discussed);**

23      The parties propose to participate in a settlement conference before the

24  magistrate judge assigned to the case for such settlement proceedings as the judge

25  may conduct or direct.

26  **(7) an estimated length of trial and a proposed date for the Final Pretrial**

27  **Conference and for Trial;**

28      The parties propose May 16, 2011 as the trial start date.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1    The parties propose May 2, 2011 as the Final Pretrial Conference Date

2    Defendant estimates a three-day trial.

3    **(8) a discussion of other parties likely to be added;**

4    Defendant does not anticipate adding new parties.

5    **(9) whether trial will be by jury or to the court;**

6    Plaintiff demands a jury trial.

7    **(10) any other issues affecting the status or management of the case; and**

8    None.

9    **(11) proposals regarding severance, bifurcation or other ordering of proof.**

10    None.

11    **(12) Complexity of the case**

12    This is not a complex case.

13

14    DATED: May 17, 2010          CARLSON & MESSER LLP

15

16                       By    /s/ David J. Kaminski

17                             David J. Kaminski
                              Stephen A. Watkins
                              Attorneys for Defendants,
18                             REDLINE RECOVERY SERVICES, LLC

19    DATED: May 17, 2010          CENTURY LAW GROUP

20

21                       By    /s/ Edward O. Lear

22                             Edward O. Lear
                              Attorneys for Plaintiff,
                              TERESA PARKER

23

24

25

26

27

28

*CARLSON & MESSER LLP*
*5959 W. CENTURY BOULEVARD, SUITE 1214*
*LOS ANGELES, CALIFORNIA 90045*